IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON LANCE LEITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-12-419-M |
| ) | |
| THE STATE OF OKLAHOMA, KAY ) | |
| COUNTY, JUDGE D. W. BOYD and ) | |
| JENNIFER LAYTON, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Aaron Lance Leith, a state prisoner appearing *pro se* and *in forma pauperis*, has sued under 42 U.S.C. § 1983. The action should be summarily dismissed. Some of the causes of action fail to state a claim on which relief can be granted, and others are invalid because of the Defendants' immunities.

**Background**

The present action stems from a conviction in state court. Mr. Leith has sued the State of Oklahoma, Kay County, Judge D. W. Boyd (the trial judge), and Jennifer Layton (the prosecutor at trial).

In Count I, Mr. Leith alleges that he was not allowed to use the law library and that one of the State witnesses had obtained an illegal sentence. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 3 (Apr. 16, 2012). In Count II, Mr. Leith states that an unidentified person had "admitted to letting victim tamper with crime scene." *Id.* In Count III, Mr. Leith

appears to challenge the revocation of a suspended sentence arising from a previous conviction for burglary. *Id.* at 4.

Mr. Leith's requests for relief include "reversal of charges" and compensation for "pain and suffering." *Id.* at 5. He adds that he "would . . . like a writ of habeas corpus" and "monetary damages for being locked up for 1 year and 4 months and how ever much more time [he will] spend in jail." *Id.*, Attachment 2.

## Standard of Review

The Court must screen the complaint because Mr. Leith is proceeding *in forma pauperis* and is a prisoner seeking redress from governmental entities and employees. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(a) (2006). In connection with this screening, the Court must dismiss the complaint if it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), 1915A(b) (2006).

## Habeas Claims

Requesting a writ of habeas corpus, Mr. Leith seeks reversal of the conviction and the order revoking his suspended sentence. *See supra* pp. 1-2. Mr. Leith has asked for a writ of habeas corpus in the prayer, but has not filed a habeas petition. Indeed, habeas corpus provides the exclusive remedy for a direct attack on the conviction and revocation of the suspended sentence.[1]

---

[1] *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of

The Court should decline to convert the complaint to a petition for habeas relief because of the potential disadvantages for Mr. Leith.  For example, if the habeas claim were denied, a future habeas action could be dismissed as second or successive.  *See* 28 U.S.C. 2244(b)(2)-(3) (2006).[2]  Instead of recharacterizing the action, the Court should dismiss the habeas claims without prejudice to the filing of a new action.[3]

## **Immunities on the Civil Rights Claims**

Judge Boyd, Ms. Layton and the State of Oklahoma are immune from suits for monetary damages.

The State of Oklahoma enjoys immunity under the Eleventh Amendment.  *See*, *e.g.*, *Ross v. Board of Regents*, 599 F.3d 1114, 1117 (10th Cir. 2010) (stating that the Eleventh Amendment bars suit against a state for damages).  As a result, the State is entitled to summary dismissal for immunity under the Eleventh Amendment.

As the trial judge, D. W. Boyd enjoys absolute immunity.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  That immunity is overcome only when the judge acts outside of his judicial capacity or in the complete absence of jurisdiction.  *See id.*

---

their confinement . . . .").

[2]  Mr. Leith has filed a prior habeas action, and Judge Bana Roberts recently recommended dismissal without prejudice.  Report and Recommendation, *Leith v. State of Oklahoma*, Case No. CIV-12-424-D (W.D. Okla. May 15, 2012).

[3]  *See Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) (stating that in light of strict limitations on second or successive habeas claims, "a district court must follow certain procedures before recharacterizing pro se pleadings as claims under [28 U.S.C. § 2254 or 2255]").

Mr. Leith's allegations do not suggest a factual basis for either exception. The claim is that Judge Boyd erred at the trial and that these errors led to the conviction. This scenario provides a classic illustration of the circumstances triggering a judge's absolute immunity. Thus, the damage claim against Judge Boyd should be summarily dismissed based on absolute immunity.

Jennifer Layton is also entitled to immunity. As a prosecutor, Ms. Layton would enjoy absolute immunity for activities "intimately associated" with the initiation of a prosecution and the presentation of the government's case. *See Kalina v. Fletcher*, 522 U.S. 118, 125 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The claim against Ms. Layton involves alleged errors committed in her conduct as the prosecutor against Mr. Leith. This claim again provides a classic application of absolute immunity, and the Court should summarily dismiss the cause of action for damages against Ms. Layton.

As noted above, the Plaintiff has complained in Count I about an inability to attend the law library. *See supra* p. 1. Conceivably this allegation could fall outside the scope of D. W. Boyd's judicial authority or Ms. Layton's prosecutorial authority. But the Plaintiff has not alleged any facts implicating Judge Boyd or Ms. Layton in the claim involving library access.

### Invalidity of a Claim Against Kay County

Mr. Leith has also asserted a claim against Kay County. For this claim, Mr. Leith must allege a factual basis to infer a wrongful policy or custom on the part of the county.[4] The Plaintiff has not pled any such facts. As a result, Kay County is entitled to summary dismissal for failure to state a claim on which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) (2006).

### Recommended Ruling

This action should be summarily dismissed. The causes of action for a writ of habeas corpus and relief against the county do not state a claim on which relief can be granted. And the State, Judge Boyd, and Ms. Layton enjoy immunity on the claims for damages.

### Notice of the Right to Object

Mr. Leith can object to this report by filing an objection with the Clerk of this Court by June 11, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2011 supp.). The failure to timely object would foreclose appellate review of the recommended ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

### Docketing Instructions

The referral has been discharged.

---

[4] *See Casey v. West Las Vegas Independent School District*, 473 F.3d 1323, 1334 n.12 (10th Cir. 2007) ("In order to state a claim against a government entity under Section 1983, . . . a plaintiff must demonstrate the existence of a policy or custom precipitating the plaintiff's injury." (citation omitted)).

Entered this 23rd day of May, 2012.

_____
Robert E. Bacharach
United States Magistrate Judge